DUPRIS, C.J.

PROCEDURAL HISTORY

On March 31, 2003 the Trial Court accepted Appellant’s guilty plea on the charge of Possession of Paraphernalia. Sentence was not entered on that date. The Trial Court appointed a spokesman for Appellant. On August 1, 2003 the Trial Court accepted guilty pleas by Appellant for ten separate charges and ordered a Pre-Sentence Investigation Report. Appellant was represented by a spokesman and signed a written statement on guilty plea to all of the charges. He also signed a waiver of speedy disposition regarding the sentencing. The Trial Court granted him a furlough for 6 months to allow him to go to treatment, after which he was to report back to the Court for sentencing.
*126 On May 4, 2004 the Court issued a no-bail warrant for Appellant because he had not appeared for sentencing on his guilty pleas. Appellant and his spokesman appeared in court on Sept. 14, 2007, and the Trial Court set his sentencing for Oct. 12, 2007. Appellant apparently did not appear for his scheduled sentencing. The Trial Court finally entered Judgment and Sentence on all the charges on April 29, 2009. At the April 29, 2009 sentencing Appellant filed two different written statements on guilty plea; on both he notes his statement is not voluntary and he wants to withdraw the guilty pleas. Judgment and Sentence were entered on all charges May 5, 2009. Appellant timely filed his appeal.
We held the Initial Hearing on July 21, 2009. At the Initial Hearing Appellee made an oral motion to dismiss. We reserved on Appellee’s motion to dismiss and asked Appellee to file a written motion. We gave Appellant time to respond to the Motion. We also continued the hearing so we could research whether there is an issue of law regarding Appellant’s alleged non-voluntary guilty pleas.
After reviewing the written record in this matter, and the applicable law, we hold the Motion to Dismiss should be granted and the Appeal dismissed, for the reasons set out below.

ISSUE

Should the Court of Appeals Dismiss the Appeal As a Matter of Law?

STANDARD OF REVIEW

We review errors of law de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995); Wiley, et al v. Colville Confederated, Tribes, 2 CCAR 60, 2 CTCR 09, 22 ILR 6059 (1995); Palmer v. Millard, et al, 3 CCAR 27, 2 CTCR 14, 23 ILR 6094 (1996) (Because the Tribal Court dismissed the case below as a matter of law, we review the matter de novo.); Pouley v. CCT, 4 CCAR 38, 2 CTCR 39, 25 ILR 6024, — Am. Tribal Law-(1997) (The Appellate Court engages in de novo review of assignments or errors which involve issues of law); In Re The Welfare of R.S.P.V., 4 CCAR 68, 3 CTCR 07, 26 ILR 6039, — Am. Tribal Law-(1998).

Guilty Pleas

At the Initial Hearing we inquired of Appellant how he could appeal this matter when the record indicates he entered guilty pleas in 2003 with the assistance of counsel. He stated his plea was not voluntary, and if we listened to the recordings of the hearings on the acceptance of the guilty pleas we could hear his reluctance. We reserved on the issue of whether there is an appealable issue, directed Appellee to formalize its Motion to Dismiss in writing and directed Appellant to file a response to the motion. We received the written motion of Appellee but no response from Appellant. We are not able to review the oral record of the August 1, 2003 hearing in that the recordings are no longer available. Even there is no oral record of the hearing in question, we find cause to grant the Motion to Dismiss based on the written record.
In 2003 the Trial Court accepted guilty pleas from Appellant on eleven (11) charges. In March, 2003 it doesn’t appear Appellant had a spokesman on one charge (Possession of Paraphernalia). This case seems to have been combined with the guilty pleas on August 1, 2003 for the other ten charges[1] for purposes of sen- *127 teneing, however. Between August 1, 2003 and the sentencing on April 29, 2009 Appellant “... appeared for Court hearings on ten different occasions where he could have raised the issue of his ‘coerced’ plea, but instead, Appellant chose to postpone the sentencing by means of requesting continuance and receiving two bench warrants.” (Appellee’s Motion to Dismiss, page 2).
We accept these facts as a true reflection of the record.[2] Our court rules do not give us direction on what to consider when one party fails to respond to a Motion to Dismiss. COACR 13(e) allows us to accept the record submitted by Appellant if Appellee fails to submit a brief, and considers objections to be waived by the non-response. We can analogize this to a Motion to Dismiss based on substantive allegations. That is, in this case, Appellee raised valid, substantive reasons why we should not let this Appeal go forward. Appellant had notice at the Initial Hearing on July 17, 2009 that we would be considering the arguments in Appellee’s Motion to Dismiss. We gave Appellant an opportunity to respond to the substantive arguments raised by Appellee, with the understanding we would be ruling on the Motion. Appellant chose not to present a different record or arguments why we should not grant the Motion to Dismiss. Therefore, for purposes of Motions to Dismiss based on substantive grounds, we will consider a non-response by the other party to have waived objections to our consideration of the record proffered by the moving party.
The written statements on Appellant’s guilty pleas have clear assertions that he understood the nature of his guilty pleas, made them knowingly and intelligently with assistance of counsel, and understood the consequences. We have upheld the guilty plea process at the Trial Court. In Condon v. CCT, 1 CCAR 70, 71, 20 ILR 6107 (1993) we found:
From the procedure followed by the Tribal Court, we believe that the appellant was provided with an ample opportunity to make a reasoned decision whether to plead guilty and accept the sentence imposed by the Court or withdraw her plea and go to trial. Moreover, the appellant was represented by Counsel who was quite familiar with Tribal Court procedure involving negotiated pleas.
In Amundson v. CCT, 4 CCAR 62, 63, 2 CTCR 68, 21 ILR 6178, — Am. Tribal Law - (1998), we found: “... the Tribes have a procedure for acceptance of guilty pleas, and that procedure complies with due process of law.”
It appears from the record that after Appellant entered his several guilty pleas he was given an opportunity to forestall *128 the sentencing phase for various reasons. He went to alcohol treatment; he had medical problems; and he just failed to appear, thereby causing the Court to issue bench warrants for him. He actively sought, and was granted several continuances. Six years later he is before the Trial Court and is told he is finally going to be sentenced. For reasons not clear in the record, he was asked sign two other statements on plea of guilty. Six years after his initial guilty pleas were accepted he disagreed; he stated he wanted to withdraw his guilty pleas and go to trial.
Appellee is correct in asserting Appellant should not be allowed to benefit from the delay between the time he first entered his guilty plea and the sentencing in that he was responsible for the delays. See, CCT v. Marchand, 9 CCAR 65, 71, 5 CTCR 17, — Am. Tribal Law-(2008). A tenuous assertion at the Initial Hearing that Appellant really didn’t want to enter the guilty pleas six years ago cannot defeat the well-developed written record in this case. Appellant was represented by an attorney at the time of his pleas; he signed a document stating his understood what he was doing, he was doing it voluntarily and he understood the consequences. Nothing in the record refutes these assertions. Appellee has supported its Motion to Dismiss.

Lack of Oral Record: August 1, 2003

As a general rule, we have held if there is no oral record, the matter should be remanded for a new hearing. George v. George, 1 CCAR 52, 1 CTCR 53 (1991) (In the absence of a verbatim record ..., the record is inadequate for review purposes. Basic due process concepts dictate that the only remedy for an inadequate record is reversal and remand); Smith v. CFS, et al, 8 CCAR 36, 4 CTCR 24, — Am. Tribal Law-(2005) (We would need to review the oral record of the proceeding in order to determine if there is sufficient evidence on the record to support this conclusion of law. Since there is no oral record, it must be remanded to make an oral record); and Moon v. Moon, 7 CCAR 3, 4 CTCR 02, — Am. Tribal Law-(2003) (When upon review of the record it is shown that the record is incomplete and flawed, then the rule is to reverse and remand.).
Based on the well-developed written record in this case, we hold that the case herein is an exception to having to remand. First, the written record is complete; the statements on guilty pleas are complete and have Appellant’s signature. Second, the inordinate time lapse between the pleas and the sentencing was caused by Appellant. As Appellee pointed out, we strive for finality in our cases, see, Tonasket v. CCT, 7 CCAR 40, 4 CTCR 13, — Am. Tribal Law-(2004). In CCT v. Marchand, 9 CCAR 65, 5 CTCR 17, - Am. Tribal Law-(2008), we found that a defendant could not reap the benefits of a long delay by causing the delay. In Marchand, Appellant caused the case to be delayed for almost two years, then argued his right to a speedy disposition was violated. In this case, Appellant caused the matter to be delayed almost six years, then claims he really didn’t want to plead guilty. His reasoning is not credible, nor is it supported by the written record. Appellant’s assertion that he was reluctant to enter guilty pleas in 2003 is self-serving and unsupported.
For the above-stated reasons we GRANT Appellee’s Motion to Dismiss and DENY the appeal. We remand this matter to the Trial Court for action consistent with this Order.

. Attempt to Elude; DUI; two counts of DWS; two counts of Reckless Driving; Disorderly Conduct; Prohibited Act (Para); Unauthorized Use of Vehicle; and Resisting Arrest.

. We have not been apprised of any reasons Appellant has failed to respond to the Motion to Dismiss as directed. This causes us some concern regarding his spokesman’s representation. See, Seymour v. CCT, 3 CCAR 11, 2 CTCR 12, 23 ILR 6008, — Am. Tribal Law - (1995) ("Depending on the facts of the particular case, an attorney’s failure to file a brief, as ordered by the Court, calls into question the quality of the attorney's representation of the client, [and] adherence to required practice standards of attorneys....”): Gallaher v. CCT, 5 CCAR 31, 3 CTCR 27, 27 ILR 6099, — Am. Tribal Law- (2000) (“Not presenting favorable case law on the assumption that the appellate court will find such is not a zealous representation for one's client nor is it acceptable."), and Amundson v. CCT, 4 CCAR 62, 2 CTCR 68, 25 ILR 6178, — Am. Tribal Law - (1998) (in which Court of Appeals ordered supplemental briefs when Appellee stated it was conceding each point made by Appellant; the Court of Appeals reasoned it was incumbent on both parties to provide all the relevant law, whether it supported one side or the other). We strongly urge Mr. Liesenfelder to attend to his duties in the future.